(R.D. 11220)

B. & W. Sales Co.
James G. Wiley Co. } v. United States

Entry No. 271786.

(Decided September 7, 1966)

*Stein and Shostak* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Ford, Judge: The proper value for dutiable purposes of certain electrical articles covered by the appeal for a reappraisement in the above case is before the court for determination.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entry the subject of the appeal for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein:

1.  That on the date of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or, in the absence of sales, freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values, c.i.f. net packed less the insurance premiums and ocean freight shown on the invoice.

2.  That all the merchandise covered by the appeal for reappraisement was entered subsequent to February 27, 1958.

3.  That the merchandise the subject of the appeal for reappraisement enumerated in the attached Schedule is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

4.  That this appeal for reappraisement may be deemed submitted for decision on this stipulation.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec.

295, T.D. 54165, is the proper basis of value for the electrical articles and that said value is the invoice unit value c.i.f., net packed, less the insurance premiums and ocean freight shown on the invoice.

Judgment will be rendered accordingly.